**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WHOOP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FINERPOINT, INC. d/b/a BEVEL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:26-cv-00289-MN |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiff WHOOP, Inc. and Defendant Finerpoint, Inc. d/b/a Bevel believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

**1. DEFINITIONS**

(a) "Discovery Material" means all documents, information, and things (as defined in Federal Rule of Civil Procedure 34(a)), including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Federal Rule of Civil

Procedure 45) that are produced, disclosed, or generated in connection with discovery or Federal Rule of Civil Procedure 26(a) disclosures in this Action.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) the attorneys, law clerks, technical specialists of their respective firms, as well as their administrative and support staff (e.g., paralegals and secretaries) assigned to assist outside counsel in the litigation of this Action.

(c) "Party" means any party who has been served in this Action as of the date of this Order, including all of its officers, directors, employees, and Outside Counsel.

(d) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this Action.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as provided for in this Order.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g) "Source Code" means computer code, scripts, assembly code, source code listings, comments for source code, source code revision histories, object code, object code listings, comments for object code, object code revision histories, and data files.

**2. <u>SCOPE</u>**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b) Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material to any person for any purpose.

(c) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to seek modification of this Order in any way, including, without limitation, an order that certain matter(s) not be produced at all.

**3. DURATION**

Unless modified, superseded, or terminated pursuant to the terms contained in this Order or other applicable Court order, this Order shall remain in effect through the conclusion of this Action and any appeals therefrom. Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**4. ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. All Protected Material shall be used solely for this Action or any related appellate proceeding. No Party or person shall make any other such use of any such Protected Material, including but not limited to, use for commercialization or competitive purposes or use in any other legal or administrative proceeding, except as permitted by order of the Court or by written agreement of the Parties. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Secure Storage. Protected Material must be stored and maintained by a Receiving Party in a reasonably secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall exercise at least the same degree of care and employ

the same commercially-reasonable security protocols in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential information of a similar nature.

(c) Legal Advice Based on Protected Material. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) Limitations. Protected Materials do not include material: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party or discovery in this Action that the Receiving Party is not otherwise obligated to keep confidential; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to an order of the Court.

**5. DESIGNATING PROTECTED MATERIAL**

(a) Exercise of Restraint in Designating Material. Each Producing Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Producing Party's attention that information, material, or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, and the Producing Party agrees, the Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation and provide a replacement file with the corrected designation. If the Producing Party does not agree, the procedures in Paragraph 12 will be followed.

(b) Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c) Written Discovery and Documents and Tangible Things. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 5(a) above may be so designated by placing the appropriate designation on every page of the written material prior to production (without obscuring the underlying content in the document), where practically possible. When producing native files (e.g., Excel spreadsheets), the appropriate designation should be placed in the file name and associated placeholder file. Where not practically possible to mark every page or the file name, then the designation shall be conveyed in writing to the Receiving Party when the production is made. In the event that original documents (other than Source Code) are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and may be re-designated, as appropriate, during the copying process.

(d) Testimony at Depositions. Parties or testifying persons or entities may designate depositions with the appropriate designation by indicating on the record at the time the testimony is given, and such designation shall be indicated by the court reporter on the cover of the transcript. Alternatively, the Producing Party (or any Party whose confidential information is disclosed during the deposition) may designate testimony or information disclosed at the deposition by notifying all other Parties in writing of the designation within 21 days after the deposition transcript becomes

available. During the period of 21 days after the deposition transcript becomes available if no designation has otherwise been made, the deposition transcript will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If there is no designation during the deposition and no notice within 21 days after the transcript becomes available, a Party may treat the transcript as non-confidential. Notwithstanding the foregoing, any Protected Material used in the taking of the deposition (and related discussion in the transcript) that have been designated as Protected Material shall retain their confidential status and be treated according to the provisions of this Order. If, at a later time, a Party determines that materials used in the taking of the deposition (or that related transcript lines or pages) are confidential, it shall notify all other Parties of the designation and the materials and identify the transcript lines or pages that are confidential, and such information will be treated as requested going forward, subject to any objection under Paragraph 13 of this Order. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**6. <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

(i) The Receiving Party's Outside Counsel;

(ii) Copying, imaging, production, or other clerical vendors and their employees;

(iii) E-discovery vendors and document reviewers engaged for the purpose of this Action working under the direction of Outside Counsel of a Receiving Party;

(iv) Existing employees, representatives, consultants, or agents of a Receiving Party to the extent reasonably necessary for the litigation of this Action;

(v) Any outside expert or consultant retained by the Receiving Party to assist in this Action, including any support staff thereof, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A (which shall be provided to all other Parties); (b) such expert or consultant is not a current officer, director, or employee of a Party, or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party, or a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(vi) Court reporters, stenographers, videographers, and remote deposition service providers retained to record testimony taken in this Action only to the extent needed to provide such services;

(vii) The Court, any appellate court(s), the jury, and court personnel, including a Court-appointed technical advisor, under seal or with other suitable precautions calculated to maintain confidentiality;

(viii) Graphics, translation, design, and/or trial consulting services (including mock jurors, so long as the mock jurors have signed a copy of Exhibit A, which need not be provided to all other Parties);

(ix) At a deposition, hearing or at trial, any person who falls within the scope of Paragraph 12 below;

(x) Any mediator or arbitrator who is appointed by the Court or jointly agreed by the Parties to hear this Action, and their staff, provided they have agreed to be bound by the provisions of this Order by signing a copy of Exhibit A (which shall be provided to all other Parties); and

(xi) Any other person with the prior written consent of the Producing Party or as ordered by the Court.

**7. <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to persons qualified under Paragraphs 6(b)(i)-(iii) and (v)-(xi), and one in-house counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A (which shall be provided to all other Parties), provided that if the designated in-house counsel ceases employment with the Receiving

Party, is reassigned to a position for which access to such information is no longer reasonably necessary, or is otherwise unavailable to serve in that capacity, the Receiving Party may designate a replacement in-house counsel, by providing notice and a signed copy of Exhibit A.

**8. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE CODE"**

(a) A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 9 below, and may be disclosed, subject to Paragraph 9 below, solely to the individuals identified in paragraphs 6(b)(i), (v)-(vii), (ix), and (xi).

**9. DISCLOSURE AND REVIEW OF SOURCE CODE**

Unless otherwise mutually agreed by the Parties:

(a) Source Code shall be maintained in the sole custody and control of the Producing Party or Outside Counsel of the Producing Party in the United States and at a designated office of the Producing Party or Outside Counsel for the Producing Party.

(b) When a Party is making its Source Code available via inspection as specified in Paragraph 9(e) below, it shall be made available:

(i) only during fact and expert discovery periods, subject to Paragraph 9(b)(ii) below, and only for inspection during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday through Friday, excluding holidays) on a mutually agreed date to the extent reasonably practicable; and

(ii) for the week before and during trial, at the office of Delaware local counsel for inspection for expanded hours between 7:00 a.m. to 9:00 p.m. Any additional hard copy pages of Source Code requested during this time period, and in compliance with all other requirements set forth herein, will be printed and delivered within 3 hours.

(c) Any requests for inspection of Source Code shall be made in writing at least five (5) business days in advance (unless under Paragraph 9(b)(ii) any request shall be made in writing at least three (3) hours or other reasonable time in advance) and shall include a list of persons who will inspect the Source Code. The Parties shall meet and confer before any such inspection if there is a question about or objection to the number and identity of people attending.

(d) A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Producing Party shall maintain a daily log that includes the names of persons who enter and depart the room to view the Source Code and the date each person entered and departed. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(e) The Source Code shall be produced in electronically-searchable form and in a manner in accordance with how the Source Code is stored in the ordinary course of business, including where possible and practicable, in text searchable form and retaining file and folder structures. All Source Code produced shall be made available on a single, stand-alone computer that is password protected, is not connected to any internal or external computer or computer

network, and has no Internet connection. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the Source Code computer. At a minimum, the Producing Party will provide, and the Receiving Party is permitted to, access utilities that will provide the ability to:

(i) view, search and line-number any source file;

(ii) search for a given pattern of text through a number of files;

(iii) compare two files and display their similarities and differences; and

(iv) convert files to a printable format.

(f) The Parties agree to cooperate in good faith to allow or permit the Receiving Party to use additional programs to analyze and inspect the Source Code. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld or delayed and, once granted for a particular software tool, shall remain effective for the duration of this Action unless the software tool undergoes a material change that reasonably raises new security or confidentiality concerns; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Parties agree to cooperate in good faith if additional software becomes necessary

on an expedited basis. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, uploading, sending, transferring, or other transmission of the Source Code. Visual monitoring by the Producing Party, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screen of the stand-alone computer, monitoring notes or work product of Receiving Party, or monitoring the keystrokes of the Receiving Party.

(g) At the request of the Receiving Party, the Party providing the inspection shall provide the Receiving Party three (3) paper copies (which shall not be copied or otherwise reproduced by the Receiving Party) of limited portions of the Source Code identified by the Receiving Party that are reasonably necessary for the preparation of Court filings, pleadings, expert reports, or other papers, or for deposition, hearing or trial in this Action. The Receiving Party may request that up to 200 pages of Source Code, but not more than 15 consecutive pages of Source Code, be printed for use in this Action. The Receiving Party may request more pages if good cause exists for the additional pages. The Receiving Party shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in Paragraph 9(e) above. The Parties agree to confer in good faith regarding requests for paper copies or pages of the Source Code. During discovery, the Party providing the inspection will send such paper copies in paper form to the Receiving Party via next day delivery or courier within three (3) business days of the Receiving Party's request, unless otherwise agreed. The Producing Party shall mark such copies clearly and prominently as "HIGHLY CONFIDENTIAL – SOURCE CODE" and affix individual

production numbers on each page. The Producing Party may challenge the amount of Source Code requested in hard copy provided however that the Producing Party shall not challenge a request seeking less than the presumptive limit set forth above.

(h) Any and all paper copies of Source Code must be kept under lock and key at the offices of Outside Counsel, or at the secured office of an outside consultant or expert qualified under the terms of this Order. Paper copies of Source Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead). Any deposition transcript may be electronically stored in Outside Counsel's deposition or discovery management database. Paper copies of Source Code may not themselves be copied by the Receiving Party, except as necessary for use as exhibits for a deposition, expert report, motion, filing, hearing or trial, and except that one copy may be provided to each person who is qualified as an outside consultant or expert under the terms of this Order for the Receiving Party.

(i) The reviewing outside expert or consultant may take written notes concerning portions of the Source Code and other such notes as may be reasonably necessary to facilitate inspection of the Source Code, except that the outside expert or consultant shall not copy the Source Code into the notes, but may copy names of Source Code parameters into the notes, such as names of variables, routines, functions, files, folders, authors, and dates. Any such notes shall be treated as attorney work product. In addition, no recordable media or recordable devices, including without limitation laptops, tablets, cameras, sound recorders, cellular telephones,

peripheral equipment, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code review room where the stand-alone computer is made available for viewing.

(j) All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use. Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(k) For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party it wishes to use Source Code at the deposition, and the Producing Party shall bring printed copies of the Source Code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The Producing Party shall maintain the marked deposition exhibits during the pendency of this case. All other paper copies of Source Code brought to the deposition by the Producing Party shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

## 10. <u>PROSECUTION BAR</u>

After the adoption of this provision by the parties, Outside Counsel and any person associated with a Party who receives a Producing Party's material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order or who accesses, in whole or in part, said material designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order shall not prepare, prosecute, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, or predecessor in the field of non-invasive monitoring during the pendency of this Action and for two years after final termination of this action. To avoid any doubt, "prosecution" as used in this paragraph does not include representing or advising a Party before a domestic or foreign agency in connection with a reissue, ex parte reexamination, covered business method review, *inter partes* review, opposition, cancelation, or similar proceeding; though in connection with any such agency proceeding involving the patents-in-suit, Outside Counsel for a Receiving Party shall not: (i) participate in the preparation, prosecution, advice, counsel, or assistance of any amended claims; (ii) reveal a Producing Party's Protected Material to any prosecuting reexamination counsel or agent; or (iii) use a producing Party's Protected Material for any purpose not permitted by Section 2. The applicability of this provision is to be determined on an individual-by-individual basis such that an individual attorney who has not received Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is not restricted from undertaking any activities by virtue of this provision even if said individual attorney is employed by or works for the same firm or organization as an individual who has received such Protected Material.

**11. <u>LIMITATIONS ON THE USE OF PROTECTED MATERIAL</u>**

(a) Protected Material shall be held in confidence by each person to whom it is disclosed, shall not be disclosed to any person who is not entitled to receive such information as herein provided, and shall be used only for purposes of this Action.

(b) Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition, hearing or trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i) A present owner, director, officer, employee, designated representative, or testifying expert of a Producing Party may be examined at deposition or hearing and may testify concerning all Protected Material which has been produced by that Party;

(ii) A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that Party, and pertains to the period or periods of their employment;

(iii) Non-parties may be examined during deposition or testify concerning any Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party; and

(iv) Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

**12. NOTICE OF DISCLOSURE**

(a) Prior to disclosing any Protected Material to an outside expert or consultant described in Paragraph 6(b)(v), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the expert or consultant;

(ii) the present employer and/or affiliated consulting firm and all current job titles of the expert or consultant;

(iii) an identification of all of the experts or consultant's past or current employment or consulting relationships for the past four (4) years (excluding non-testifying litigation consulting);

(iv) an up-to-date curriculum vitae of the expert or consultant;

(v) a list of the cases in which the expert or consultant has testified at deposition, hearing or trial within the last four (4) years;

(vi) a list of all publications authored by the expert or consultant within the last ten (10) years;

(vii) such other information regarding the expert or consultant's professional activities requested by the Producing Party and reasonably necessary for it to evaluate whether good cause exists to object to the disclosure of Protected Material to such expert or consultant; and

(viii) a signed copy of Exhibit A.

(b) Within seven (7) business days of receipt of the disclosure of the expert or consultant, the Producing Party or Parties may object in writing to the expert or consultant for good cause. In the absence of an objection at the end of the seven (7) day period, the expert or consultant shall be deemed approved under this Order. There shall be no disclosure of Protected

Material to the expert or consultant prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the expert or consultant within such seven (7) day period, the Parties shall meet and confer within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the expert or consultant in question until the Court resolves the objection.

(c) For purposes of this section, "good cause" shall include an objectively reasonable concern that the expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d) An initial failure to object to an expert or consultant under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that expert or consultant for actual violations of this Order. If an objection is made, the Parties shall follow the procedures for making objections in Paragraph 12(b) above.

**13. <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) A Party challenging a designation of Discovery Material under this Order shall initiate the dispute resolution process by providing written notice to Outside Counsel for the Producing Party that particularly identifies the documents or information that the Receiving Party

contends should be differently designated, and states the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) Following the provision of written notice in accordance with Paragraph 13(b), the parties shall attempt in good faith to resolve the dispute and must begin the process by conferring directly (in voice to voice dialogue) within seven (7) days of the date of service of notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Producing Party shall have the burden of justifying the disputed designation;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14. SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to every Party, individual or entity who has produced such Discovery Material and to its counsel and shall provide each such Party, individual or entity with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena.

**15. FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material. Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be sealed, unless the Producing Party agrees to filing on the public record in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

(b) Filing or lodging Protected Material under seal shall be made in compliance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means. Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**16. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use

its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Additionally, if the Receiving Party discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall:

(a) Promptly provide written notice to the Producing Party of such breach within forty-eight (48) hours of the breach discovery;

(b) Investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances that such breach shall not recur;

(c) Provide sufficient information about the breach such that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident; and

(d) Promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

**17. <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>**

(a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to documents and ESI produced pursuant to this Order.

## 18. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order and reproduces the Protected Material with the correct confidentiality designation within five (5) business days of its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation.

## 19. FINAL DISPOSITION

(a) Not later than ninety (90) calendar days after the final conclusion of this Action, each Party shall return all Discovery Material (except HIGHLY CONFIDENTIAL – SOURCE CODE materials) of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material at its own election. Within ten (10) business days after the final conclusion of this Action, all HIGHLY CONFIDENTIAL – SOURCE CODE materials produced by any Party shall be either destroyed or returned to the Producing Party. For purposes of this Order, "final conclusion of this Action" occurs after an order, mandate, or dismissal finally terminating this Action with prejudice, including all appeals.

(b) Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings (including, e.g., transcripts, written discovery, expert reports and exhibits thereto), correspondence, and attorney and consultant work product (but not document or source code productions) for archival purposes.

## 20. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b) Testifying experts shall not be subject to discovery with respect to any draft of their report(s) in this Action. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(c) Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(d) No conversations or e-mail communications between counsel and any testifying expert (including engagement letters) will be subject to discovery, unless the communication is the only source of factual information, analysis, or data relied on to support the expert's opinion.

(e) Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(d) shall be treated as attorney-work product for the purposes of this Action and Order.

**21. MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter. The Parties agree that the terms of this Order shall survive and remain in effect after the final determination of this Action.

(c) Employment Termination. The termination of employment of any person that received and reviewed any Protected Material shall not relieve a Party or any person from the obligation of maintaining the confidentiality of such information in accordance with this Order or abiding by any of its bars, restrictions, or requirements.

(d) Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e) Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or

item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

(f) Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders.

(g) Until such time as this Order has been entered by the Court, the Parties agree that upon the execution by the Parties, this Order will be treated as though it has been "So Ordered." To the extent that the Parties disagree about one or more provisions of this Order and request the Court to resolve any dispute regarding the disagreed-upon provisions, then the Parties will treat the remaining provisions of this Order as though they have been "So Ordered."

(h) Attorneys and witnesses are prohibited from arguing or implying at hearing or trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

**22. <u>OTHER PROCEEDINGS</u>**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that they may have an opportunity to appear and be heard on whether that information should be disclosed.

MORGAN, LEWIS & BOCKIUS LLP

/s/Amy M. Dudash
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302.574.3000
Facsimile: 302.574.3001
amy.dudash@morganlewis.com

Joshua M. Dalton
One Federal Street
Boston, MA 02110-1726
Telephone: (617)-341-7700
Facsimile: (617)-341-7701
josh.dalton@morganlewis.com

Matthew J. Rizzolo
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
matthew.rizzolo@morganlewis.com

Anna Johnson
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
anna.johnson@morganlewis.com

John Hendershott
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
jack.hendershott@morganlewis.com

*Counsel for Plaintiff Whoop, Inc.*

Dated: July 31, 2026

PHILLIPS MCLAUGHLIN & HALL, P.A

/s/John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

KNOBBE, MARTENS, OLSON & BEAR, LLP

Brian C. Horne
Hans L. Mayer
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: (310) 551-3450
brian.horne@knobbe.com
hans.mayer@knobbe.com

Matthew S. Bellinger
Jeremiah S. Helm
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
matt.bellinger@knobbe.com
jeremiah.helm@knobbe.com

Michael Forman
1717 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20006
Telephone: (202) 640-6400
michael.forman@knobbe.com

*Attorneys for Defendant Finerpoint, Inc. d/b/a Bevel*

**SO ORDERED this 3rd day of August 2026.**

Maryellen Noreika

**The Honorable Maryellen Noreika**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WHOOP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. 1:26-cv-00289-MN |
| v. | ) | |
| | ) | |
| FINERPOINT, INC. d/b/a BEVEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,______________________________, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware in the above-captioned matter. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: ________________________________

Title: ________________________________________

Address: _____________________________________

Signature: ___________________________________

Date: ________________________________________