IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WHOOP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-289 (MN) |
| | ) | |
| FINERPOINT, INC. d/b/a BEVEL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington, this 29th day of October 2026;

WHEREAS, on March 17, 2026, Plaintiff initiated an action against Defendant Finerpoint, Inc., alleging that Defendant infringes various claims of U.S. Patent Nos. 11,602,279, 11,627,946, 12,220,112, and 12,318,226 ("the Asserted Patents"), infringes various copyrights, and infringes Plaintiff's trade dress (*see generally* D.I. 1);

WHEREAS, on May 26, 2026, Defendant moved to dismiss Plaintiff's patent infringement claims (Counts III-VI) and trade dress infringement claim (Count II) (*see* D.I. 18);

WHEREAS, Defendant argues that all claims of the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the four Asserted Patents, there are eighty claims, and Defendant requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage;

WHEREAS, Defendant asserts that there are representative claims for the claims challenged under § 101 (*i.e.*, all of the claims of the Asserted Patents) and Plaintiff disputes the representativeness of those claims (D.I. 22 at 17-18);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendant's § 101 motion will not be in issue at later stages of the case (including at trial);

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of eighty claims from the Asserted Patents – even through purportedly representative claims – at the motion to dismiss stage, particularly where the parties dispute whether those claims are representative;

WHEREAS, regarding trade dress infringement, Defendant argues that Plaintiff has insufficiently defined Whoop's alleged trade dress, and that the alleged trade dress is not source identifying and is impermissibly functional (*see* D.I. 18 at 18-20);

WHEREAS, to prove trade dress infringement Plaintiff "must articulate the specific design elements that comprise that trade dress." *Design With Friends, Inc. v. Target Corp.*, No. 1:21-CV-01376-SB, 2022 WL 4448197, at *1 (D. Del. Sept. 23, 2022) (Bibas, J.) (citing *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 309 (3d Cir. 2014));

WHEREAS, specific design is defined broadly as the "overall look of a product or business" and "includes, but is not limited to, such features as size, shape, color or color combinations, texture, graphics, or even a particular sales technique." *Fair Wind Sailing*, 764 F.3d at 309 (quoting *Rose Art Indus., Inc. v. Swanson*, 235 F.3d 165, 171 (3d Cir. 2000));

WHEREAS, Plaintiff must also show "(1) the allegedly infringing design is nonfunctional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007);

WHEREAS, Plaintiff has defined the WHOOP trade dress as a list of eleven "aesthetic, stylistic, and non-functional features, the combination of which creates a distinctive look and feel to the WHOOP App." (D.I. 1 ¶ 66);

WHEREAS, this is sufficient to plead the existence of a trade dress at the present stage of litigation. *See Fair Wind Sailing*, 746 F.3d at 309 ("the alleged trade dress must create *some* visual impression on consumers") (emphasis in original); *Design with Friends*, 2022 WL 4448197 at *1 ("Design with Friends has provided a clear list of design features that it is trying to protect. So [the complaint] is precise enough.");

WHEREAS, whether the trade dress is nonfunctional and source identifying as well as the likelihood of consumer confusion are questions of fact which are inappropriate for resolution at the motion to dismiss stage. *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852 (3d Cir. 1992) ("The existence of secondary meaning and likelihood of confusion are questions of fact."); *Truinject Corp. v. Nestle Skin Health, S.A.*, No. CV 19-592-LPS-JLH, 2020 WL 70981, at *17 & n.12 (D. Del. Jan. 7, 2020) (explaining why functionality is a question of fact under Supreme Court precedent), *report and recommendation adopted sub nom. Truinject Corp. v. Nestle Skin Health. S.A.*, No. CV 19-592-LPS-JLH, 2020 WL 1270916 (D. Del. Mar. 17, 2020);

WHEREAS, Plaintiff has pled (1) that the WHOOP trade dress is nonfunctional because it does not affect the quality of WHOOP's product, (2) that it has acquired secondary meaning and is inherently distinctive, and (3) numerous ways in which customers are likely to confuse the WHOOP trade dress with Defendant's products (D.I. 1 ¶¶ 68, 70, 71, 81, 109, 112-126), and

WHEREAS, Plaintiff has therefore adequately pled the elements of a trade dress claim. *See Truinject*, 2020 WL 70891 at *17-18; *Design with Friends*, 2022 WL 4448197, at *2 (dismissing when the pleadings (1) only recited features that "make the tool more functional,"

(2) amounted to a statement that the "tool's overall design made it easy to use," and (3) provided no examples of why a consumer would be confused).

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss Counts II-VI is DENIED as to Count II and is DENIED without prejudice to renew at summary judgment as to Counts III-VI.[1]

Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge

[1] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.